WISCONSIN DEPARTMENT OF HEALTH SERVICE,

        Plaintiff,

  v.

                                      Case No. 23-cv-899-pp

JOHN LARRY PAYNE,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. NO. 8); DENYING AS MOOT DEFENDANT'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS (DKT. NO. 3) AND REMANDING CASE FOR LACK OF JURISDICTION**

In June 2023 the plaintiff, Wisconsin Department of Health Services, brought an eviction action in Milwaukee County Small Claims Court against the defendant, John Larry Payne. Dkt. No. 1-2 at 3-4; <u>Wisconsin Department of Health Services v. John Larry Payne</u>, 2023SC014804 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov. On July 7, 2023, the defendant—who is representing himself—timely removed the case to this federal court, asserting that the court had "federal question jurisdiction." Dkt. No. 1 at 1.[1] With the removal notice, the defendant filed a request to proceed

---

[1] The publicly available state court docket indicates that on July 3, 2023, someone filed a notice "of Removal in Bankruptcy." <u>Wisconsin Department of Health Services v. John Larry Payne</u>, 2023SC014804 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov. Proceedings continued in state court, however, and currently there is a status conference scheduled for November 16, 2023 before the Hon. Michael J. Hanrahan. <u>Id.</u>

1

without prepaying the filing fee. Dkt. No. 2. A week later, the court received form him a motion to dismiss the case. Dkt. No. 3. Approximately a week after the court received the defendant's motion to dismiss, the court received from the plaintiff a motion to remand the eviction action back to Milwaukee County Small Claims Court on the ground that this court lacks subject matter jurisdiction. Dkt. No. 8.

The court will grant the plaintiff's motion to remand, deny as moot the defendant's motion to dismiss and his motion to proceed without prepaying the filing fee and order that the case be remanded back to state court.

Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal Constitution— this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts cannot consider and decide lawsuits alleging violations of *state* law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim.

The defendant has not argued that the court has diversity jurisdiction under §1332, but the court has an independent obligation to determine whether the parties are "diverse." Thomas v. Guardsmark, LLC, 487 F.3d 531, 533 (7th Cir. 2007). For a federal court to have diversity jurisdiction, "the

2

Case 2:23-cv-00899-PP   Filed 09/19/23   Page 2 of 5   Document 14

plaintiff must differ in citizenship from each defendant—the rule of 'complete diversity'—in order for subject matter jurisdiction to exist under § 1332." Eichmann v. Hunter Automated Machinery, Inc., 167 F. Supp. 2d 1070, 1071-72 (E.D. Wis. 2001) (citing Vandervest v. Wis. Central, Ltd., 936 F. Supp. 601, 603 (E.D. Wis. 1996); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); and Bagdon v. Bridgestone/Firestone, Inc., 916 F.2d 379, 381 (7th Cir. 1990), cert. den., 500 U.S. 952 (1991)).

Although the plaintiff is a state agency, it is not necessarily a Wisconsin citizen. If the defendant is an "arm of the state"—a state agency—it does "not have citizenship under [28 U.S.C.] § 1332 and, therefore, [is] not within the reach of the diversity statute." Bryant v. Stryker Corp., Case No. 12-cv-593, 2012 WL 5828749, at *2 (W.D. Wis. Nov. 16, 2012) (citing Ind. Port Comm'n v. Bethlehem Steel Corp., 702 F.2d 107, 109 (7th Cir. 1983); Adden v. Middlebrooks, 688 F.2d 1147, 1150 (7th Cir. 1982)). In other words, when an "arm of the state" is a party to a lawsuit, "a federal court cannot exercise jurisdiction under § 1332, regardless of the citizenship of the other parties." Id. Because the plaintiff is an arm of the state of Wisconsin, Esberner v. Darnell, No. 10-cv-40, 2010 WL 1981049, at *3-4 (W.D. Wis. May 13, 2010), the court does not have diversity jurisdiction.[2]

---

[2] The court notes that according to the removal notice, the plaintiff is located in Madison, Wisconsin and the defendant receives his mail in Milwaukee, Wisconsin. Dkt. No. 1 at 7. Even if the Wisconsin Department of Health Services was a "citizen" for purposes of diversity jurisdiction, it appears that the plaintiff and the defendant both would be citizens of Wisconsin, which would destroy diversity.

3

"[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises questions of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). The complaint alleges that it involves an eviction and provides a case code: "31004." See Dkt. 1-2 at 3, 5. The Wisconsin Circuit Court case classification code list indicates that Case Code 31004 is the code for a small claims eviction. https://www.wicourts.gov/courts/circuit/filing.htm (page 8). The face of the plaintiff's complaint does not raise a federal question. See Kubiak v. Meltzer, No. 12 c 6849, 2013 WL 1114203, at *1 (N.D. Ill. Mar. 15, 2013) ("An eviction does not arise under the Constitution, law, or treaties of the United States; thus, there is no federal jurisdiction over a state law eviction matter.").

In the notice of removal, the defendant asserts that "[t]he federal question is whether the state implementation of the federal Medicaid estate recovery laws are compliant with lien and revenue recovery provisions." Dkt. No. 1 at 4. He asserts that in the complaint, the plaintiff referenced two prior circuit court cases. Id. at 3. Though several of the documents the defendant attached to the notice of removal—and several portions of those documents—are illegible, page 3 appears to be the eviction complaint; it does not reference any earlier lawsuits. Dkt. No. 1-2 at 5. It is not clear, but it appears the defendant may be trying to present a *defense* to the eviction: that he lost his home due to a Medicaid-related debt and that the federal laws that provide for collection of that debt are invalid. Dkt. No. 1 at ¶¶14-19. A defense "does not

4

appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." Taylor, 481 U.S. at 63.

The court does not have federal question jurisdiction. Without either diversity or a federal question, the court does not have original jurisdiction. Under 28 U.S.C. §1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The court must grant the plaintiff's motion and remand the case to the Milwaukee County Small Claims Court. The court notes, however, that the defendant has a forum for raising his concerns—he may present any defenses he believes he has to the eviction action in small claims court.

The court **GRANTS** the plaintiff's motion to remand because the court lacks subject matter jurisdiction over the plaintiff's eviction action. Dkt. No. 8.

The court **DENIES AS MOOT** the defendant's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the defendant's motion to dismiss. Dkt. No. 3.

The court **ORDERS** that the case is **REMANDED** to the Milwaukee County Small Claims Court.

Dated in Milwaukee, Wisconsin this 19th day of September, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**